Whitfield, P. J.
 

 The information herein contained two counts. As originally filed the first count charged that Roy Tootle “being then and there intoxicated from the voluntary use of’intoxicating liquors, did then and there while so intoxicated, unlawfully and feloniously drive, propel and operate a bus, the same being a gasoline motor propelled vehicle, on, over and upon a public highway in Hills-borough County, Florida, to-witj that certain public highway commonly known as Seventh Avenue, and by the operation of said gasoline motor propelled vehicle, did then and there operate, propel and drive the same so as to collide with a certain other automobile .on and near said highway near where said highway is intersected by Fortieth Street, at and near the vicinity of the said City of Tampa, Florida, and by colliding with said other* automobile, did strike, wound and injure one Vernard Todd, and by thus striking the said Vernard Todd, did inflict in, on and upon his head, body and limbs a mortal wound, from which mortal wound the said Vernard Todd did then and there die; wherefore the said Roy Tootle is deemed and held to have committed the crime of manslaughter.”
 

 While the court had under consideration a motion to quash the information the prosecuting officer amended the information by striking therefrom the name of “Vernard Todd” wherever the said name appeared in said information, and substituting therefor, wherever said name had been stricken, the name of “Verner Potts,” which said alteration was done without consent and without notice to, or knowledge of, the defendant or his attorney.
 

 The information as amended was signed and sworn to by the county solicitor and the information was then re'filed.
 
 *1250
 
 The defendant thereupon filed additional grounds to the motion to quash the amended information, challenging the amendment, which motion was overruled. The defendant pleaded not guilty to the amended information. After a verdict of guilty as charged in the first count and judgment of conviction and sentence to the State penitentiary, the defendant took writ of error.
 

 There was a motion “that a continuance shall be granted,” not a motion to postpone the trial for a short time, one of the grounds of the motion being that the information had been amended. It does not appear that the court abused its discretion or committed harmful error in denying the motion for a continuance. Jones v. State, 44 Fla. 74, 32 So. R. 792.
 

 The information having been sworn to and presented by the prosecuting attorney under Section 28, Article V. Constitution, and not by a grand jury, it could be amended by the prosecuting attorney with the acquiescence of the court, when the defendant would not be thereby prejudiced in any legal right.
 

 In Section 1, Chapter 11808, Acts of 1927, Section 7749, Comp. Gen. Laws, 1927, it is provided that “if the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter, and, on conviction, be punished as provided by existing law relating to manslaughter.” The statutory offense is the causing of the death of a human being by the operation of a motor vehicle while intoxicated. The information does not merely state the offense in the language of the statute, but alleges the intoxication of the defendant and states facts which constitute the operation by the defendant of the motor vehicle by driving it while intoxicated so as to collide with another automobile, and thereby did strike and mortally
 
 *1251
 
 wound, &c. It was not necessary to allege culpable negligence of the defendant in tbe operation of the motor vehicle as that is not a specific element of the offense defined by the particulár statute. The quoted allegations of the information sufficiently state an offense under the statute.
 

 The charges given were reasonably accurate and fair to the accused. The charges refused were not accurate statements of the law applicable to the evidence or else were sufficiently covered by correct charges that were given. There is ample evidence from which the jury .could reasonably have inferred that, the defendant was intoxicated when he so operated the motor vehicle as to cause the fatal injury alleged. No material errors are made to appear and the judgment is affirmed.
 

 Strum and Bupord, J. J., concur.
 

 Terrell, C. J., and Ellis, J., concur in the opinion and judgment.
 

 Brown, J., dissents.