GENE HENDRICKS and FLETCHER HENDRICKS v. STATE.

184 So. 86.
Division A.
Opinion Filed October 24, 1938.

*Philips D. Beall, Jr.,* for Plaintiffs in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—The writ of error brings for review conviction of the offense of "armed robbery."

Plaintiffs in error post three questions for our determination, as follows:

"*Question No. 1.* Where plaintiffs in error were residents of Escambia County, were charged with a crime committed in Okaloosa County, were arrested and kept in various jails between Washington County and Escambia County, and were not allowed to communicate with outsiders, and their mail restricted; and where information was filed on the 25th day of April, and the plaintiffs in error were arraigned thereon immediately thereafter, not being represented by counsel, and the cause set down for trial upon their plea of not guilty for April 28th, 1938; and on April 28th a new information was filed varying slightly from the original information, the plaintiffs in error then being represented by counsel, upon motion duly placed before the Court, were they entitled to a postponement for a reasonable time in which to prepare for trial?

"*Question No. 2.* Under the factual situation set forth in Question No. 1, was a delay of one hour a reasonable time in which to enable counsel to prepare for trial?

"*Question No. 3.* Was the evidence in this cause sufficient to uphold a verdict of guilty against the plaintiffs in error herein?"

The motion for continuance or postponement was grounded as follows:

"1. That on the 25th day of April, 1938, information was filed in this Court against the above named defendants, and trial of said cause set for 28th of April, 1938; that when defendants came prepared for trial new information, differing in several particulars from the one originally filed, was filed and defendants were thereupon immediately arraigned thereon.

"2. That defendants had not had sufficient time since the filing of the original and of the second information in which to prepare their defense to said information.

"3. That the said information differs in material manner from the one originally filed.

"Wherefore defendants pray that this Court may continue this cause or postpone same for a reasonable time so that defendants may have an opportunity to prepare their defense."

The motion was overruled by an order in the following language:

"It appearing to the Court that the information herein filed is practically the same as the information filed heretofore, upon which the defendants were araigned and plead to on April 25th, 1938, and the case set for this day, the only change being a correction of a misprision or mistake in the name of the corporation alleged to have been the owner of the property taken, and the case to which the defendant was arraigned on April 25th having set for this day, and the Court being of the opinion that there is nothing in this information filed this day that would require any evidence for defendant other than would have been required on a trial under the original information which was set for this day, the motion for continuance and postponement is denied, with permission, if defendants desire, to have one hour to examine their case further if so desired; to which ruling the defendants except.

There was no reversible error in this regard. See Tootle v. State, 100 Fla. 1248, 130 Sou. 912; Jarvis v. State, 115 Fla. 321, 156 Sou. 310; Dupree v. State, 125 Fla. 58, 169 Sou. 600.

This determination disposes of the first and second questions.

There was direct and positive evidence of an accomplice who was informed against as a co-defendant sufficient to show every material element of the offense to have been committed by himself and the accused. The tesimony was amply corroborated by other evidence so as to remove all reasonable doubt of the guilt of the plaintiffs in error.

The entire record discloses no reversible error and, therefore, the judgment should be, and is, affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.