## HENRY LEWIS v. STATE OF FLORIDA

16 So. (2nd) 50                     June Term, 1943
December 17, 1943                      Division A
Rehearing Denied January 6, 1944

S. N. Smith, for appellant.

J. Tom Watson, Attorney General, John C. Wynn, Assistant Attorney General, for appellees.

BUFORD, C. J.,:

In this case it is insisted that trial court committed reversible error in denying the motion for continuance interposed by the accused in the court below.

The record shows that the information was filed on the 15th day of April, 1943 and that on the 24th day of June, 1943, defendant filed his motion for a continuance. The motion for continuance appears to have been denied on June 30, 1943. Trial appears to have been commenced on the 30th of June at 9:30 o'clock A. M.

The record is silent as to when the defendant was arraigned and is also silent as to when and how the defendant pleaded to the information except that the order of the trial judge denying the motion for continuance is as follows:

"On the 30th day of June, 1943, Order denying Motion for Continuance was filed and recorded in Circuit Court Minute Book 2 at page 580, as follows:

"This cause coming on to be heard upon motion of the defendant for a continuance and the Court having heard argument of counsel for the defendant and the State; and it appearing to the Court that on April 15, 1943, the defendant was arraigned and entered a plea of not guilty at which time said cause was set for trial June 17, 1943 at 9:30 A. M.; and that further on June 9, 1943 the said case was continued and set for trial June 30, 1943, at 9:30 A. M. and the Court being otherwise fully advised in the premises;

"It Is Therefore, Ordered and Adjudged that the said motion be and the same is hereby denied.

"Done and Ordered this 30th day of June, 1943, as and for June 28, 1943."

Section 916.03 F. S. provides as follows:

"An application for continuance may be made only before or at the time the case is set for trial, unless good cause for failure so to apply is shown or unless the ground for application arose after the cause was set for trial."

Section 916.04 F. S. provides the form for the application for continuance.

Section 916.05 provides what shall be stated in the application for continuance.

Taking the contents of the Order supra as verity, the application for continuance was not filed before or at the time, to-wit June 9, 1943, when the case was set for trial on June 30, 1943.

The motion for continuance did not meet the requirements of Section 916.05, supra. Aside from this, while the motion for continuance averred "That the facts to be proved by the above named witnesses cannot be proved by any other witness or witnesses. That all of said facts are material and are not cumulative." The testimony of the accused shows beyond doubt that there were many people present at the place and time at which the offense was alleged to have been committed.

The evidence adduced at the trial is convincing of the defendant's guilt.

No reversible error is made to appear.

The judgment is affirmed.

So ordered.

TERRELL, CHAPMAN, and ADAMS, JJ., concur.