**ELBERT EUGENE HARPER, alias ELBERT E. ELLISON, v. STATE OF FLORIDA.**

35 So. (2nd) 4 January Term, 1948
April 26, 1948 En Banc

*Manuel M. Glover,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

SEBRING, J.:

Appellant was indicted for the crime of murder in the first degree. Upon arraignment he entered a plea of not

guilty and subsequently at the time of trial withdrew the plea by leave of court and tendered a plea of guilty to the offense charged. The presiding Judge accepted the plea and thereupon proceeded to hear evidence to determine the degree of the offense and the punishment to be imposed. At the conclusion of all the evidence and the argument of counsel the court adjudged the appellant to be guilty of murder in the first degree and sentenced him to death by electrocution.

An appeal has been taken from the judgment and sentence and for grounds of appeal the appellant assigns, that the trial court erred in denying the appellant's motion for continuance made after arraignment but prior to trial; that the trial court erred in adjudging the appellant guilty of murder in the first degree without allowing him mercy; and that the evidence is insufficient to support the verdict, judgment and sentence of the trial court.

The appellant was indicted on August 21, 1947 for a murder alleged to have been committed on August 8, 1947. On the same day counsel was appointed to defend the appellant, and upon arraignment a plea of not guilty was voluntarily entered. The case was set for trial on August 28, 1947 without objection from counsel. At the opening of the trial on August 28, 1947 the appellant made a motion for continuance upon the grounds (1) that the appellant could not have a fair trial at the time because of the great and intense feeling and animosity against the appellant in the minds of the inhabitants of the county in which the crime was committed; and (2) that the appellant had not been afforded sufficient time to prepare his defense.

The motion for continuance did not comply with the requirements of statute prescribing that such motions be sworn to by the applicant. Section 916.04 Florida Statutes 1941. Moreover, there was no affidavit as to the truth of the averments of the motion; the only affidavit being an affidavit of good faith made by appellant's counsel. But even if the motion had been sufficient as to form, its allegations as to lack of sufficient time to prepare the defense would have been insufficient because no facts were alleged to show why the

404

appellant could not have fully prepared for trial between the date of arraignment and the date of trial. Compare Jarvis v. State, 115 Fla. 320, 156 So. 310..

Despite these insufficiencies in form appearing in the motion for continuance, the trial judge gave the appellant an opportunity to prove the averments of his motion. To establish the allegations the appellant called as a witness the Sheriff of the county in which the crime was committed and the trial was to be conducted. This testimony wholly failed to establish that the appellant had not been afforded sufficient time to prepare his defense, or that a fair trial could not be had because of the attitude of the people of the county toward the appellant. The trial judge ruled correctly, therefore, in denying the motion for continuance.

The remaining grounds of appeal question the sufficiency of the evidence to support the verdict and judgment, and to sustain the sentence imposed by the trial court at the conclusion of the proceedings.

The record filed on appeal has been given close study. The evidence clearly and unequivocally establishes beyond a reasonable doubt that the defendant was guilty of murder in the first degree, as charged in the indictment. Not one single mitigating fact of extenuating circumstances was shown which could have impelled the trial judge to reach a conclusion, judgment or sentence different from that determined by him to be proper under the case presented.

From a careful consideration of the records and briefs we are of conclusion that no error was committed in the court below, and that the interests of justice do not require that a new trial be had. See section 924.32 (2) Florida Statutes, 1941. The judgment and sentence appealed from are therefore—

Affirmed.

THOMAS, C. J., TERRELL, CHAPMAN, ADAMS and HOBSON, JJ., and WHITE, Associate Justice, concur.