BARKDULL, Judge.
The appellant seeks review of his conviction and sentence as an accessory after the fact, following a finding of guilty by the jury. He has preserved three points for review: 1. The trial court erred in denying his motion for directed verdict at the conclusion of the State’s case. 2. Failure to give an instruction requested. 3. Failure to permit the defendant to call the principal perpetrator of the crime as a defense witness.
As to the first and second points, these are without merit. See: Tootle v. State, 100 Fla. 1248, 130 So. 912; Sharon v. State, Fla.App.1963, 156 So.2d 677; Darty v. State, Fla.App.1964, 161 So.2d 864, 865; Crum v. State, Fla.App.1965, 172 So. *390 2d 24. As to the third point, the appellant makes the following contention in his brief:
******
“ * * * However, where the defendant is not permitted to call an available witness to testify on the defendant’s behalf, even where the defendant knows that such witness will assert the privilege against self-incrimination, the defendant’s failure to produce that witness will create an inference in the minds of the jury that the reason that witness was not called by the defendant was because that witness’ testimony would have been unfavorable to the defendant, thereby prejudicing the defendant in the eyes of the jury.”
******
A review of the record discloses that the defense did call the person who had previously been identified as the principal as a witness, to wit:
******
“MR. CARLTON: Excuse me just a moment.
“Call Don Rea Brown.
“in the presence of the jury:
“MR. SEPE: We object to any statement in the presence of the jury.
“THE COURT: Sustained.
“Call your next witness.
“MR. CARLTON: I would like to get something in the record.
“THE COURT: All right. The jury will be excused.”
******
It therefore appears apparent that the defendant got the benefit of indicating to the jury that he intended to call the principal and there was no possibility of an inference that the defendant did not desire to call the principal because his testimony would have been unfavorable. It is clear that the defendant called the principal and, because of objections by the State, he was not permitted to testify.
This opinion should not be construed as disturbing the long-established rule that the State cannot call a witness if it knows that the witness will avail himself of the protections against self-incrimination. See: Kaplow v. State, Fla.App. 1963, 157 So.2d 862; United States v. Tucker, 3rd Cir.1959, 267 F.2d 212.
No merit having been found in the appeal, the verdict of adjudication of guilty and sentence is hereby affirmed.
Affirmed.