PEARSON, Judge.
The appellants are James Kish and Leevy Mears. They were informed against in a two-count information for the crime of unlawfully and feloniously breaking and entering a dwelling house located in Dade County, Florida, with intent to commit a felony, to wit: robbery, and while unlawfully therein assaulting persons lawfully therein, and robbery. The information alleged that the crime was perpetrated on September 8, 1965. The causes were consolidated for trial. Pursuant to a jury verdict, the defendants were each adjudged guilty on both counts. Motions for new trial were denied, and after sentence, this appeal was prosecuted. We affirm.
The points presented are as follows:
I “THE LOWER COURT’S DENIAL OF THE DEFENSE MOTION FOR A CONTINUANCE CONSTITUTED AN ABUSE OF DISCRETION WHICH RESULTED IN A DEPRIVATION OF THE DEFENDANTS’ RIGHTS TO ADEQUATE REPRESENTATION BY COUNSEL IN VIOLATION OF THEIR RIGHTS AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.”
II “THE LOWER COURT ERRED IN DENYING THE DEFENDANTS’ MOTION TO SUPPRESS OBJECTS ILLEGALLY SEIZED FROM THEIR POSSESSION: AND IN ADMITTING SAME INTO EVIDENCE OVER THE OBJECTIONS OF THE DEFENDANTS IN VIOLATION OF THEIR RIGHTS AS GUARANTEED TO THEM BY THE. FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO' THE CONSTITUTION OF THE'. UNITED STATES.”
The essence of appellants’ first point is. their contention that the denial of their motion for a continuance of the trial was. prejudicial error. In order to establish, a frame of reference for the consideration of this contention, it is necessary to. relate the history of the case from the-filing of the information to the date of' trial. On October 21, 1965, the first information was filed. In this information,, a third person, George A. Johnson, was-joined as a principal, and the alleged felony was grand larceny. Eight witnesses; for the State were listed on the reverse of the information. On November 1, 1965,. the trial date was set for November 17,. 1965. On November 8, a motion to quash the information and a motion for bill of’ particulars was filed. The motion for bill: of particulars requested a “complete list, of witnesses the State shall call at the-trial of the cause.”
On November 10th, a new information! was filed. An additional witness for the-State was added to the list on the reverse of' the information. This information charged', only appellants Kish and Mears. George-A. Johnson was not named as a co-defendant. A defense motion to suppress evidence seized pursuant to a search warrant: and for return of .property was filed on-November 10th.
The motions came on before the court on-Friday, November 12th. The motion to- *317 quash was directed to the new information and was denied. The motion to suppress was denied, and the motion for bill of particulars was granted in part and denied in part. The request for a list of the witnesses was granted. The record reveals the following argument before the court.
“MR. GOSHGARIAN: Could we have a list of witnesses?
“MR. BAKER: I have a girl upstairs preparing a list of witnesses. Are you going to be here anywhere Monday morning? If he wants to go upstairs with me right now, I will give him a list of witnesses.
“MR. GOSHGARIAN: I want to see the list of witnesses, because I understand now that we found out this morning they are going to use the prior course of conduct, and to give us a list of witnesses at a quarter of five, and there is going to be something like twenty witnesses on there, and have us ready for trial Wednesday morning would be a physical impossibility. He wants now to give me the list on Monday.
“MR. BAKER: I will give them to him right now.
“MR. GOSHGARIAN: I would like to move at this time for a continuance on the trial since we have now discovered that they are going to list all of these other robberies and the victims to show a prior course of conduct. I don’t know what the rush is in this case. We had the new arraignment on Wednesday, and we argued the motions Friday. I would like to have two weeks to prepare or at least to try to talk to some of these witnesses and find out what they are going to testify to, and we can’t possibly be ready by Wednesday.”
The oral motion for continuance was denied.
On Monday, November 15th, a list of State’s witnesses in the cause was filed. The next day, November 16th, a written motion for continuance of trial was filed by the defendants. The motion was heard before the court on the same day. The number of witnesses had been reduced to 28, and counsel for the defendants was told which witnesses would not be called. The State made the following statement:
“Now, the State has made arrangements for these witnesses to be here and testify in this case tomorrow. A continuance in this case at this time will be most detrimental to the State and I would represent I have a certificate in my office from Dr. Putter, telling me that Mrs. Murray, who is an •essential witness in this case, is under his care for a heart condition. She saw her doctor as late as yesterday. The doctor does not want her to come to Court and testify, but she is going to come to Court. She has been given special medication so she might come to Court and testify. I submit that if this trial is delayed we may never hear from Mrs. Murray and I think the Defendants know it.”
The written motion for continuance was denied. The trial proceeded as scheduled on November 17, 1965.
The appellants argue that the time, from the filing of the second information (November 10) to the date of the trial (November 17), was so short as to deprive their counsel of an opportunity to adequately prepare for the trial. The State points out that the original information against these defendants was filed on October 21 and that it was practically the same information as the one under which the defendants were tried.
The appellants state that they had discovered that George A. Johnson, a co-defendant in the first information, was in the Oklahoma State Penitentiary at the time of the alleged robbery, and that they relied upon this fact as a defense. They suggest that they had no obligation to proceed with a further defense until John *318 son was eliminated by the information filed on November 10.
It is immediately apparent that Johnson’s presence in the penitentiary was a defense only as to Johnson. Appellants were of the opinion that this mistake by the State would have cast doubt on the whole trial. We cannot agree that the appellants had an interest in the State’s error.
The most telling argument of the appellants is that the list of witnesses contained 33 names,[1] and that they could not reasonably be expected to interview all of the witnesses within the time allowed. Where a list of 33 witnesses, previously unknown to the defendant and his counsel, is furnished shortly prior to trial, the denial of a motion for continuance could be prejudicial error. In the present instance, no prejudice to the appellants has been shown. There is no indication that the appellants were handicapped in their defense.
At the trial, the State produced the testimony of seven witnesses. Four of these witnesses were listed by the State on the original information filed against these defendants on the 21st of October 1965, and therefore, were known to them from that date. The additional three witnesses were Charles Black, Robert Hoelscher and June Taylor.
Charles Black was a Lieutenant in the Dade County Sheriff’s Office and was listed on the second information as a witness. He was a participant in the search, pursuant to warrant, which produced some of the articles charged to have been stolen. He had testified on November 12 at the hearing on the motion to suppress. The existence of this witness was well known to the defendants’ counsel.
Ralph Hoelscher was a detective in the Dade County Sheriff’s Office. His testimony corroborated the testimony of Lt. Black regarding items which were seized in the search of a safe deposit box.
June Taylor was an employee óf the bank in which the safe deposit box was located. Her testimony connected the defendant Kish to the deposit box. The defendant Kish, upon cross examination, admitted that he had leased the safe deposit box and that he had placed the items in the box.
An examination of the list, as set forth in footnote “l”, will reveal that the list contains, following the names of the witnesses used and the policemen, thirteen additional names divided into groups as to certain other robberies. This list was *319 known by the appellants and their counsel to be a list of the victims of those robberies. Five of the thirteen potential witnesses (Elsa Stubblefield, the Singers and the Joyces) were known to counsel for the defendants at some time prior to November 12. On November 16, counsel was advised that two (the Joyces) of the five would not testify. Of the eight witnesses which remain, counsel contacted four (Russell Yates, the Schumachers, and one not named) during the week end following November 12, and he unsuccessfully attempted to locate two more (the San Martins). None of the potential witnesses, who had been contacted, would talk to counsel.
The witness list contained the names of persons who would testify concerning six alleged robberies. With the possible exception of one incident—-that of September 23, 1965—, counsel for the defendants either knew of the particular witness’ existence prior to receiving the list or had contacted the witness prior to the hearing on the motion for continuance (November 16). The record does not indicate that a substantial amount of counsel’s time had been used prior to trial in interviewing witnesses listed, who were not called.
In view of the fact that appellants were informed against on October 21 and tried on substantially the same charge on November 17, and it affirmatively appears from the record that they knew, during all of that time, the names of the principal witnesses used against them, we find that no prejudice has been demonstrated under appellants’ point numbered I. See Jarvis v. State, 115 Fla. 320, 156 So. 310 (1934); Dupree v. State, 125 Fla. 58, 169 So. 600 (1936); Hendricks v. State, 134 Fla. 452, 184 So. 86 (1938); Harper v. State, 160 Fla. 402, 35 So.2d 4 (1948).
We turn now to appellants’ second point, which urges error upon the denial of appellant Kish’s motion to suppress evidence seized pursuant to a search warrant It must initially be pointed out that this point has no application to the appeal of Leevy Mears, Jr. Mears had no connection with the safe deposit box which was searched. He has no standing to raise the constitutional issue. See Chacon v. State, Fla.1957, 102 So.2d 578, 588.
The burden of appellant Kish’s argument under point two is that, in a subsequent proceeding against these same defendants, the Criminal Court of Record granted a motion to suppress the contents of the safe deposit box. In addition, it is urged that the evidence before the court on the motion to suppress shows that the affidavit upon which the search warrant was based was insufficient.
The contention, that error is established because in a subsequent proceeding the contents of the safe deposit box were suppressed, is unfounded. A determination of appellant’s points on this appeal' must be made upon the record of this trial. The subsequent proceedings in another case are not a part of this record. We must therefore decline to pursue the subject further.
Appellant’s contention that the search warrant was defective because of an insufficient affidavit is not substantiated by the record. The affidavit was not made a part of the record on appeal. See Nelson v. State, Fla.1956, 85 So.2d 832, 833. An examination of the record before us reveals that the search warrant was issued upon probable cause. See Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.
The judgments and sentences of appellants James Clyde Kish and Leevy Carlton Mears, Jr. are each affirmed.
Affirmed.

. The list may be summarized as follows:
Alan E. Murray; G. Walter Murray; Ella Murray; R. L. Stokes, MPD; J. Eonner, MPD; Glenn Moran, MPD; W. D. Whittle, MPD; P. J. Horne, MPD; Lt. Black, DCSO; Capt. Longbottom, DCSO; E. R. Jones, MPD; Det R. Hoelscher, DCSO; Det J. Markwith, MBPD; Det. R. Pritchett, DCSO; Det. T. Conner, DCSO; Richard E. Zieher, DCSO; Lou Youngman, MBPD; Lou Sugar, MBPD; Walter E. Michaels, DCSO; June Taylor, Curtiss National Bank.
Witnesses to testify concerning a robbery that took place on the 14th of October, 1965, at approximately 12:30 A.M.: Elsa Stubblefield; Mamie Dean.
Witnesses to testify concerning a robbery that took place on the 14th day of October, 1965, at approximately 11:15 P.M.: James Joyce; Dedith Joyce. (Case No. 65-7409).
Witnesses to testify concerning a robbery that took place on September 23, 1965, Hialeah, Florida, 2:35 A.M.: Rosa San Martin; Rose San Martin; Abelardo Vinas. (Case No. 65-7528).
Witnesses to testify concerning a robbery that took place on September 19, 1965 at 11:10 P.M.: Myron Singer; Eleanor Singer. (Case No. 65-7431).
Witnesses to testify concerning a robbery that took place on September 12, 1965, between 4:00 A.M. and 5:00 A.M.: John W. Schumacher; Frieda Schumacher. (Case No. 65-7527).
Witnesses to testify concerning a robbery that took place on April 21, 1965, at 1:00 A.M.: Russell Yates; Margaret Yates. (Case No. 65-7456).