198 So.2d 633 (1967)
Carmine Vincent PALMIERI, Petitioner,
v.
STATE of Florida, Respondent.
No. 35880.
Supreme Court of Florida.
May 3, 1967.
Michael A. Lipsky and Matthews & Mandina, Miami, for petitioner.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for respondent.
ROBERTS, Justice.
The District Court of Appeal, Third District, affirmed a judgment of the trial court based on a jury verdict convicting petitioner Palmieri of robbery. The cause was certified to this court under Article V, Section 4(2), of the Constitution of Florida, F.S.A., in that the decision passed upon a question of great public interest because "it concerns a determination of when the denial of a preliminary hearing in violation of § 901.23, Florida Statutes [F.S.A.], is prejudicial to a defendant." On application of the petitioner a writ of certiorari was issued.
The defendant was arrested at his home about 1:30 in the morning without a warrant, *634 was not taken before a committing magistrate, but was incarcerated in the Dade County jail. The next day he was identified in a lineup at the jail by a prosecution witness. Ten days after the arrest and after he had filed a petition for writ of habeas corpus, the state filed an information charging him with robbery. The jury found him guilty and he was sentenced to twenty years in prison.
Appellant Palmieri presented two points to the district court which are under review here:
"(1) Whether the defendant's detention for ten days, upon an arrest without a warrant, and without his being taken before a magistrate, while incriminating evidence was gathered against him from repeated lineups, amounted to a denial of due process of law pursuant to the Florida Constitution, Section 12, Declaration of Rights, and the United States Constitution, Fourteenth Amendment.
"(2) Whether there was insufficient evidence to support the verdict."
The district court determined in reference to point (1) that the evidence obtained at the lineup was admissible, and that therefore point (2) was without merit.
The cases petitioner relies on in seeking a reversal of the trial and district courts are: McNabb v. United States (1943), 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Watts v. State of Indiana (1949), 338 U.S. 49, 69 S.Ct. 1347, 93 L.Ed. 1801; People v. Hamilton (1960), 359 Mich. 410, 102 N.W.2d 738; Vorhauer v. State (Del. 1965), 212 A.2d 886. These decisions are not decisive of this case inasmuch as they involve admission of extra-judicial confessions and the due process clause of the Fourteenth Amendment which makes the exclusionary rule mandatory in federal cases,
Petitioner contends that "due process of law should be extended to include a right to a preliminary hearing in the State of Florida upon a charge of a felony" and contends that had he been so presented, the magistrate would have released him inasmuch as the evidence against him was procured at the jail subsequent to his incarceration. He thus reasons that the failure to follow F.S. § 901.23, F.S.A. (the preliminary hearing statute) was prejudicial to him. The statute provides:
"An officer who has arrested a person without a warrant, shall without unnecessary delay take the person arrested before the nearest or most accessible magistrate in the county in which the arrest occurs, having jurisdiction, and shall make before the magistrate a complaint, which shall set forth the facts showing the offense for which the person was arrested; or, if that magistrate is absent or unable to act, before the nearest or most accessible magistrate in the same county."
It is apparent that the defendant should have been taken before a magistrate without unnecessary delay under the statute. The attorney general has stated "the statute should be complied with", Op.Atty. Gen.  048-73; the federal courts have ruled in the above cited McNabb case, and Mallory v. United States (1957), 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, that the failure to comply is a denial of due process under federal law; and we have noted that the continued failure of officers to comply cannot be condoned, Milton v. Cochran (Fla. 1962), 147 So.2d 137. However, under this statute a preliminary hearing is for the purpose of determining if probable cause exists to hold one accused of a crime for trial. Rouse v. State (1902), 44 Fla. 148, 32 So. 784; Davis v. State (Fla. 1953), 65 So.2d 307; Baugus v. State (Fla. 1962), 141 So.2d 264. It is not an indispensable prerequisite to the filing of an information, Di Bona v. State (Fla.App. 1960), 121 So.2d 192, *635 193; Davis v. State, supra, and is not a necessary step in criminal proceedings. Shea v. State (Fla.App. 1964), 167 So.2d 796; Baugus v. State, supra. "A prosecution may be instituted and maintained regardless of whether such a hearing is or is not held, and regardless of whether probable cause to hold the accused for trial is or is not found." Montgomery v. State (Fla. 1965), 176 So.2d 331, cert. denied, 384 U.S. 1023, 86 S.Ct. 1955, 16 L.Ed.2d 1026.
A plea of not guilty was entered, no admissions were made, the defendant did not ask to be taken before the magistrate, did not testify at the trial, and no question of illegal arrest was involved on appeal. It therefore appears to us that there has been no showing of prejudice and that to reverse both the trial court's judgment which was based on a jury verdict, and the subsequent affirmance by the district court, would constitute a miscarriage of justice.
Furthermore, F.S. § 54.23, F.S.A. provides:
"No judgment shall be set aside or reversed, or new trial granted by any court of the State of Florida in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed." (Emphasis supplied.)
And F.S. § 924.33, F.S.A. provides:
"No judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant."
No harmful error appearing, the decision of the district court here under review is approved and the writ of certiorari heretofore issued is discharged.
It is so ordered.
THORNAL, C.J., and THOMAS, DREW and O'CONNELL, JJ., concur.