PER CURIAM.
The appellants were tried together in a non-jury trial and found guilty of robbery. On this appeal the single point presented urges that the court committed reversible error by admitting into evidence a certain pistol. The state attorney, in compliance with a court order on discovery, misled the defense counsel as to the ownership of the pistol.
There is no dispute of fact under this point, inasmuch as the state admits that pursuant to a discovery order, the counsel for appellant was informed that a pistol discovered at the scene of a crime was the property of the alleged victim of the robbery. At the trial appellants, as defendants, maintained that they did not assault or threaten the victim and that the effect of their actions toward him was misapprehended by the prosecuting witness. They maintained that they did not have a gun and that their approach to him was peaceful. At the trial no proof was offered concerning ownership of the pistol. However, it was shown by testimony that there was no gun kept at the gas station for the purpose of protection. It was further shown that the victim did not own any gun. Appellants contend that as a result of this surprise, they were deprived of a fair trial, and that a new trial should be granted.
*504 The State contends that the proof of guilt was strong and that the ownership of the pistol was not a material issue. Walter Kennedy testified that he was the night attendant at a gasoline station. On the night of November 24, 1965, he was grabbed from behind by the neck by the appellants. One of them stated: “This is a robbery.” Mr. Kennedy then went on to testify that he was dragged into the station and held at gun point. He was forced' to give the robbers the money in his pockets and one of the appellants took the money from the cash drawer. While this testimony, is in conflict with that given by appellants, there is no conflict as to the fact that two police officers discovered the robbery in progress. Upon being informed by Mr. Kennedy that he was robbed, the officers cautiously approached the station. They found money strewn over the floor. Some money was stuffed into one of the appellants’ pockets. The appellants were crouching behind a three-foot wall.
We have examined the record fully and find that the admission into evidence of the pistol, after the unintentionally misleading statement to the defendants’ attorney, was not so prejudicial to the defendants as to require a new trial. The courts of this State are specifically enjoined by § 924.33 Fla.Stat., F.S.A. that “[n]o judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appellant.” Cf., Palmieri v. State, Fla.1967, 198 So.2d 633 [opinion released May 3, 1967].
Affirmed.