**Eugene Nicholas DOLLIVER, II,
Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21320.**

United States Court of Appeals
Ninth Circuit.

June 16, 1967.

Barry Tarlow, Beverly Hills, Cal., for appellant.

John K. Van de Kamp, U. S. Atty., Robert L. Brosion, Asst. U. S. Atty., Chief Crim. Div., Robert M. Talcott, William Gargaro, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before HAMLEY, KOELSCH and DUNIWAY, Circuit Judges.

PER CURIAM.

This is an appeal by the defendant from a judgment of conviction on two counts of an indictment charging him with receiving and selling marijuana in violation of 21 U.S.C. § 176a. The sole question presented is whether there exists evidentiary support for the finding, implicit in the jury's verdict, that the defendant knew the marijuana had been illegally imported into the United States. The answer is yes.

■■ The proof, considered in a light most favorable to the government, shows not only defendant's ownership but his power, either exclusive or shared, of disposal of the marijuana—in short his constructive possession.[1] Arellanes v. United States, 302 F.2d 603 (9th Cir. 1962), cert. denied, 371 U.S. 930, 83 S.Ct. 294, 9 L.Ed.2d 238 (1962). And from the fact of such possession the jury was authorized to draw the inference, permitted by the above cited statute, that the defendant knew the marijuana was imported into the United States contrary to law. Quiles v. United States, 344 F.2d 490 (9th Cir. 1965), cert. denied, 382 U.S. 992, 86 S.Ct. 571, 15 L.Ed.2d 479 (1966).

The judgment is affirmed.

---

1. To illustrate: There was evidence that during his first conversation with Narcotics Agent Morelli, the appellant stated he had three kilos of marijuana which he offered to sell Morelli for $140 per kilo; that upon Morelli's agreement to buy, appellant told Morelli to meet him in a few minutes at another place; that he came there accompanied by a third person who then took Morelli elsewhere and delivered to him virtually the same quantity of marijuana that appellant had promised; and that afterwards Morelli visited appellant who asked if the transaction had been satisfactory.

On this evidence we believe that the jury could rationally have considered that in the transaction appellant was the principal who effected delivery through an agent. True, there was other evidence which could equally support a conclusion that appellant's role was that of a mere "go between" or "casual facilitator," but the jury has spoken. An appellate court may not usurp the function of the duly constituted fact finder.