PER CURIAM.
The sole point presented on this appeal is Anderson’s contention that it was a violation of due process of law for the State to have placed him on trial by direct information without having accorded him a preliminary hearing.
The last reported decision of the Supreme Court of Florida concerning the right of an individual accused of a crime to a preliminary hearing is Palmieri v. State.[1] The Court declared that:
"* * * under *.**[§ 901.23, Fla.Stat.] a preliminary hearing is for the purpose of determining if probable cause exists to hold one accused of a crime for trial. Rouse v. State (1902), 44 Fla. 148, 32 So. 784; Davis v. State (Fla.1953), 65 So.2d 307; Baugus v. State (Fla.1962), 141 So.2d 264. It is not an indispensable prerequisite to the filing of an information, Di Bona v. State (Fla.App.1960), 121 So.2d 192, 193; Davis v. State, supra, and is not a necessary step in criminal proceedings. Shea v. State (Fla.App.1964), 167 So.2d 796; Baugus v. State, supra. ‘A prosecution may be instituted and maintained regardless of whether such a hearing is or is not held, and regardless of whether probable cause to hold the accused for trial is of is not found.’ Montgomery v. State (Fla.1965), 176 So.2d 331, cert. denied, 384 U.S. 1023, 86 S.Ct. 1955, 16 L.Ed.2d 1026.” [2]
We therefore conclude that appellant’s contention has no merit in the State of Florida.
Affirmed.

. Fla.1967, 198 So.2d 633.

. Id. at 634, 635.