229 So.2d 670 (1969)
Stanley Harvey HARRIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 69-40.
District Court of Appeal of Florida. Third District.
December 16, 1969.
Rehearing Denied January 20, 1970.
Louis Vernell, Miami Beach, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and BARKDULL and SWANN, JJ.
BARKDULL, Judge.
The appellant was convicted in the criminal court of record, following a jury verdict, *671 of the unlawful sale of marijuana. He appeals the conviction, judgment and sentence thereon and urges, as points on appeal: (1) That the trial judge committed error in trying him on a second information, filed after the expiration of the statute of limitations. (2) That the trial judge erred in limiting his cross-examination of State witnesses. (3) That there was insufficient evidence to support the conviction. (4) That the trial judge erred in denying his motion for new trial upon the ground that the jury was exposed to highly inflammatory and prejudicial matter not related to the cause in the trial court. We affirm.
As to the first error urged, the acts allegedly constituting a crime occurred on December 30, 1965. A single count information was filed against the appellant on January 11, 1966, under Clerk's File No. 66-214B, charging him with unlawful possession and sale of marijuana. Thereafter on October 7, 1968, subsequent to the expiration of the two-year statute of limitations, the State filed a motion to amend the information in the same numbered cause pending in the criminal court of record, the amendment being to make the information read in two counts: First, as to unlawful possession and, second, as to unlawful sale. The trial judge permitted this amendment and the appellant was tried thereon. The State conceded that, pursuant to the authorities found in Horton v. Mayo, 153 Fla. 611, 15 So.2d 327; Mead v. State, Fla. 1958, 101 So.2d 373, unless there is a linkage between the second information filed without the statutory period, it was error for the trial to proceed thereon. However, the State contends there was sufficient linkage under the authorities [State v. Adjmi, Fla.App. 1964, 170 So.2d 340] and that the trial judge was correct in proceeding. We agree with the State's position. The information filed, pursuant to the motion to amend on October 7, 1968, did not change the date, the quantum or the manner of the offenses charged and certainly did not mislead the defendant. Tootle v. State, 100 Fla. 1248, 130 So. 912; Johnson v. State, Fla.App. 1966, 190 So.2d 811.
As to the second error urged, the limitation of cross-examination, the conduct of a trial proceeding lies within the broad discretion of a trial judge [Hathaway v. State, Fla.App. 1958, 100 So.2d 662; Baisden v. State, Fla.App. 1967, 203 So.2d 194], and should not be lightly interfered with by an appellate court. Revels v. State, 64 Fla. 432, 59 So. 951; Matera v. State, Fla.App. 1969, 218 So.2d 180. A trial judge is in a much better position to determine the order of proof and the extent of cross-examination and the introduction of evidence than an appellate court reviewing a cold record. Further, even if it had constituted error at the time of the rulings, they would be without merit at this stage of the proceedings because the very answers which the appellant's counsel attempted to elicit from the witnesses were ultimately put into the record.[1]
As to the third error urged, the sufficiency of the evidence, it is patently without merit. At the time of the sale of the marijuana in the instant cause, the defendant [after having negotiated the price] directed the purchasers to leave his premises and to conclude the purchase outside with his agent. The agent of the defendant came out with the contraband, received the money, and disappeared back into the premises wherein the purchasers had just *672 left the defendant. We find no merit in the defendant's contention that this did not constitute a violation of § 398.03, Fla. Stat., F.S.A. Straub v. United States, 5th Cir.1965, 351 F.2d 304, 305; Dolliver v. United States, 9th Cir.1967, 379 F.2d 307; People v. McNulty, 171 Cal. App.2d 86, 340 P.2d 340; People v. Aldridge, 19 Ill.2d 176, 166 N.E.2d 563; People v. Parson, 27 Ill.2d 263, 189 N.E.2d 311.
As to the fourth and last point, it appears that after both sides had rested late in the afternoon, the trial judge gave the jurors the election to hear closing argument, be instructed, and consider their verdict that night or return the next day. They elected to remain and complete their work that night, but requested a short recess to telephone their respective homes and advise of their continuance with the trial. While the jurors were making their phone calls, appellant's counsel and another prosecutor proceeded to have an argument before the trial judge on a completely unrelated criminal cause which did not involve the appellant. During the course of the argument, some or all of the jurors returned to the courtroom where they were exposed to this unrelated hearing. Thereafter, without objection, the jury returned to the box, heard closing argument of respective counsel, instructions from the judge, retired to consider their verdict and returned same. It was not until the motion for new trial that counsel for the appellant urged error in permitting the jury to be present in the courtroom during the argument on the unrelated matter. We find no merit in this contention; no objection to the presence of the jury, no motion for mistrial, and no instruction was requested in reference to this matter by the appellant. And, without such, we hold that he has waived the right to complain after the jury's verdict. Daly v. State, 67 Fla. 1, 64 So. 358; Hoyt v. State, Fla. 1959, 119 So.2d 691. Further, the mere fact that the members of the jury may have heard argument on an unrelated matter, which did not concern the appellant, does not, in and of itself, appear to have exposed them to inflammatory or prejudicial matter.
Therefore, for the reasons above stated, the judgment of conviction and sentence thereon be and the same is hereby affirmed.
Affirmed.
NOTES
[1] Appellant's counsel was attempting to impeach the law enforcement officers by what he alleged to be an inconsistent statement in a written report that they had rendered. The trial judge prevented him from further cross-examining the witnesses without the introduction of the report in evidence. Counsel for the appellant wanted to introduce only part of it and further contended he would waive his opening and closing argument if he tendered same in evidence. The prosecutor offered to put the document in evidence as a State exhibit in order to eliminate the objection by appellant's counsel, which offer was declined.