PEARSON, Chief Judge.
This is an appeal from an order denying Mears’s petition for post-conviction relief filed pursuant to Rule 1.8S0, Florida Rules of Criminal Procedure, 33 F.S.A. The order denying the petition was entered at the conclusion of an evidentiary hearing. This is a second attack by this defendant directed to his conviction in the criminal court of record upon a two-count information charging him with (1) “unlawfully and feloniously breaking] and entering] a dwelling house * * * with intent to commit a felony therein, to wit: ROBBERY, * * * [and] mak[ing] an assault upon and tortur[ing]” persons therein, and with robbery. Mears was found guilty by a jury on November 18, 1965. This court affirmed the convictions on November 29, 1966, and denied a petition for rehearing on December 21, 1966. See Kish v. State, Fla.App.1966, 192 So.2d 315.
Mears filed a petition for writ of ha-beas corpus in the Supreme Court of Florida. This petition was denied on June 17, 1968. A second petition was filed in the Supreme Court and denied on August 1, 1968. Mears then filed a petition for writ of habeas corpus in the United States District Court, Southern District of Florida. This petition has been held in abeyance by the United States District Court pending Mears’s exhaustion of his state remedies on the issues presented in that petition. The present petition for relief pursuant to Rule 1.850, Florida Rules of Criminal Procedure, was filed in the Criminal Court of Record in and for Dade County, Florida, on October 7, 1968. Eviden-tiary hearings were held on February 20, 1969, and on March 17, 1969, and the order appealed from was entered thereafter.
On this appeal Mears has presented five points which will be considered in the order in which they are presented in the brief. The first point urges that the trial court’s denial of Mears’s motion for a continuance and for a change of venue constituted an abuse of discretion which resulted in a violation of Mears’s constitutional rights. An almost identical point was presented on Mears’s first appeal. Under that point Mears urged that the denial of the motion for continuance deprived him of adequate representation of counsel and thus of his constitutional rights. This point was fully considered in our earlier opinion and held not to present error. Therefore we do not further consider the point as it relates to the denial of the motion for continuance.
The new subject matter presented under the first point on the present ap *751 peal concerns the denial of that portion of the motion which requested a change of venue because of allegedly prejudicial publicity. Mears was represented throughout his trial and in his first appeal by fully competent privately employed counsel who were well versed in the practice of criminal law. In his first appeal the alleged error was not urged. Nevertheless during the hearing on the motion for post-conviction relief the trial court fully considered the matter. Extensive evidence was presented. It was not sufficient to convince the court below that the publicity surrounding appellant’s trial was so prejudicial to him as to deprive him of a fair trial. And it is not sufficient to convince us that the lower court was wrong, particularly in view of the fact that at this stage of the proceeding it is incumbent upon Mears to show he was deprived of a fair trial by the attendant publicity. See Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966).
• Point two on this appeal from the denial of post-conviction relief is as follows : “Whether the [trial] court erred in failing to grant petitioner’s request for disclosure of the results of the various line-ups conducted by the police”. Appellant relies upon the following statement from Brady v. Maryland, 373 U.S. 83, 87-88, 83 S.Ct. 1194, 10 L.Ed.2d 215, 219 (1963), as authority for reversal of the order under review:
“We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. * * * A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant.”
There certainly can be no quarrel with this proposition, but appellant has not brought himself within its purview, since he did not lay a predicate for the pretrial production of the information he sought. See the scholarly discussion in State v. Drayton, Fla.App.1969, 226 So.2d 469. In addition there is no showing that production of the information sought would have had any likelihood of affecting the outcome of appellant’s trial.
 The third point states a position .which has often been presented in this state. Appellant urges that the failure of the police officers to take him before a committing magistrate as required by § 901.23, Fla.Stat., F.S.A., so prejudiced him that he did not receive a fair trial. The Supreme Court of Florida in Palmieri v. State, Fla.1967, 198 So.2d 633, has reviewed the law on this subject and set forth the law in this state as follows:
“It is apparent that the defendant should have been taken before a magistrate without unnecessary delay under the statute. The attorney general has stated ‘the statute should be complied with’, Op.Atty.Gen. — 048-73; the federal courts have ruled in the above cited McNabb case, (McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819) and Mallory v. United States (1957), 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, that the failure to comply is a denial of due process under federal law; and we have noted that the continued failure of officers to comply cannot be condoned, Milton v. Cochran (Fla.1962), 147 So.2d 137. However, under this statute a preliminary hearing is for the purpose of determining if probable cause exists to hold one accused of a crime for trial. Rouse v. State (1902), 44 Fla. 148, 32 So. 784; Davis v. State (Fla.1953), 65 So.2d 307; Baugus v. State (Fla.1962), 141 So.2d 264. It is not an indispensable prerequisite to the filing of an information, Di Bona v. State (Fla.App.1960), 121 So.2d 192, 193; Davis v. State, supra, and is not a necessary step in criminal proceedings. Shea v. State (Fla.App.1964), 167 So.2d 796; Baugus v. State, supra. ‘A prosecution *752 may be instituted and maintained regardless of whether such a hearing is or is not held, and regardless of whether probable cause to hold the accused for trial is or is not found.’ Montgomery v. State (Fla.1965), 176 So.2d 331, cert. denied, 384 U.S. 1023, 86 S.Ct. 1955, 16 L.Ed.2d 1026.” 198 So.2d at 634-635.
We have reviewed this record in the light of the Supreme Court’s decision in Pal-mieri and in State v. Hernandez, Fla.1968, 217 So.2d 109, and hold that the appellant has totally failed to show he was prejudiced by the failure to hold a preliminary hearing.
The fourth point contends that the trial court violated appellant’s Sixth Amendment right to assistance of counsel by not allowing appellant’s counsel to be present during the lineups. Under this point appellant urges that United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), combined with Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), requires that his conviction be vacated despite Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). That is, since the trial court denied counsel’s request “that the line-ups be halted or that he be allowed to attend said line-ups”, the Escobedo holding vitiates the retroactivity limitation that Stovall v. Denno placed on Wade. We do not reach this issue since the testimony appellant’s trial counsel gave at the post-conviction hearings does not show that counsel did in fact request the trial court to permit him to be present during the lineups. It is therefore sufficient to point out that since the trial lineups and the trial took place before June 12, 1967, United States v. Wade, above, did not apply to the lineups. Stovall v. Denno, above.
Point five attempts to reargue a point presented upon the first appeal Appellant urges that the trial court committed error in failing to grant a motion made by his co-defendant, Kish, to suppress evidence. Appellant argues that if Kish had been successful, he, the appellant, would have been entitled to a severance. The point is entirely speculative and has been decided adversely to the appellant in Kish v. State, Fla.App.1966, 192 So.2d 315.
Therefore having examined each point presented by appellant and having considered both the transcript of evidence at his trial and the transcript of the proceedings upon his motion for post-conviction relief and having found that the trial court correctly determined the appellant was not deprived of any constitutional right, we affirm the order denying the motion for post-conviction relief.
Affirmed.