PER CURIAM.
The appellee-petitioner moved, under Rule 3.850 CrPR, 33 F.S.A. to vacate a judgment and sentence earlier entered. The state seeks review of an order granting the motion and awarding a new trial; the order was entered after an evidentiary hearing.
The underlying conviction and sentence were affirmed on direct appeal, Kish v. State, Fla.App.1966, 192 So.2d 315, and a denial of motion under Rule 1.850 CrPR (now renumbered 3.850) was affirmed in Mears v. State, Fla.App.1970, 232 So.2d 749, which indicates appellee has sought other relief.
The instant (second) petition for relief alleged that the trial court deprived him of due process by failing to order the prosecution to produce the results of a line-up in which a key witness for the State had failed to identify him. Attached to the petition was an order entered by U.S. District- Judge Joe Eaton directing the trial court to determine whether the prosecutor had knowledge of that line-up at the time of trial.
After he was booked in 1965, the police began holding a series of line-ups. In one, Murray was unable to identify Mears, although he did identify Kish.
Petitioner moved for disclosure of all favorable evidence, and the results of the line-ups. The court denied the motion without making a determination that favorable evidence existed. The prosecution at the trial stated: “We only intend to use that line-up in which the Murrays identified these people.” At the trial, the state did not adduce testimony concerning the line-ups viewed by the Murray family. Mr. Murray identified Mears as being a robber.
*218 We express the view that the petitioner-appellee did not make a showing that the prosecution made a knowing use of the allegedly perjured testimony. We further express the view that there was such overwhelming competent substantial evidence of guilt, that the alleged error of the trial court was harmless error beyond a reasonable doubt.
Our disposition of the instant cause renders unnecessary any resolution of the state’s arguments that the doctrines of res judicata or waiver apply.
The principle is well-settled in Florida that knowing use of perjured testimony by the prosecution at the time of trial must be shown to warrant relief under Rule 3.850. E. g., Cash v. State, Fla.App.1968, 207 So.2d 18; Barber v. State, Fla.App.1971, 257 So.2d 581.
For the reasons stated the order appealed is reversed.
Reversed.