WILLIAM P. PASTORIUS, *Plaintiff in Error*, v. E. J. W. WHIDBY, DOING BUSINESS UNDER NAME OF SOUTHERN PACKING COMPANY, *Defendant in Error*.

Opinion Filed December 20, 1918.

1. An affidavit for continuance is defective when it does not state how or where the information was obtained by affiant as to what the absent witness would testify.

2. The mere fact that counsel testifies in a cause is no ground for reversing the judgment.

Writ of Error to Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment affirmed.

*Rose & Robineau*, for Plaintiff in Error;

*Price & Eyles*, for Defendant in Error.

WHITFIELD J.—In an action on common counts against Pastorius for 480 crates of tomatoes sold to him, he pleaded never was indebted and also a special plea of counterclaim. A motion for continuance made on the ground of an absent material witness was denied. At the trial an attorney for the plaintiff testified as to an interview he had with the defendant with reference to the

plaintiff's claim. Verdict and judgment were rendered for the plaintiff and defendant took writ of error. The affidavit for continuance is defective in that it does not state how or where the information was obtained by affiant as to what the absent witness would testify. Moore v. State, 59 Fla. 23, 52 South. Rep. 971; Stinson v. State, decided at this term. An affidavit of the absent witness filed on the motion for new trial showed that the testimony of such witness would have been of no value in the trial, therefore no harm resulted in denying the motion for a continuance.

The fact that the counsel for the plaintiff testified in the case gives the defendant no ground for reversing the judgment.

Judgment affirmed.

All concur.