FRANK DUPREE v. STATE.

169 So. 600.
Division B.
Opinion Filed July 27, 1936.

*William T. Rogers,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction of the statutory offense of robbery by a

person while armed and then and there having the intent, if resisted by that person being robbed, to then and there kill such person.

The plaintiff in error presents three questions. The first question challenges the action of the court in refusing on motion to postpone the trial of the cause from the date upon which the original information was nol-prossed and the new information filed to a later date in the same term.

The record shows that the ground upon which plaintiff in error, defendant in the court below, based his application for a postponement or continuance was that he wished to have present as a witness in his behalf a man who had theretofore pleaded guilty to participating in the same robbery with which the defendant was charged, and which man was then serving a sentence in the State Prison, in the hope that such man would testify that the defendant took no part in the alleged robbery. The motion for postponement or continuance did not set out what facts the absent witness would testify to. The motion was not sworn to. The defendant was sworn as a witness to support his motion and he testified that the man referred to in his motion would, if called as a witness, testify, if he told the truth, that the defendant took no part in the robbery which was the subject of the information. There is no proof that subpoena had been served on the witness. There is no proof as to what the effort had been to procure the presence of the witness. Therefore, the motion was technically insufficient as a motion for continuance. Moore v. State, 59 Fla. 23, 52 Sou. 971; Brown v. State, 92 Fla. 699, 109 So. 811; Whitman v. State, 97 Fla. 988, 122 So. 567; Pastorius v. Whidby, 76 Fla. 571, 80 So. 513.

A motion, however, for a postponement of the day of trial to a later day in the term is not required to meet as rigid a

test as is a motion for a continuance. But in this case the motion for postponement and the proof in support thereof failed to show due diligence on the part of the defendant to procure the attendance of the witness.

The record shows that the defendant was charged with armed robbery from the person of another by information filed Octboer 23, 1934, and that the defendant had prepared his defense (so stated in motion above referred to) on that information and had procured the issuance of a subpoena for the absent witness. The defendant pleaded not guilty to the information, on October 23, 1934, and the case was then set for trial on November 20, 1934. On November 20th the original information was nol prossed and another information charging the same offense except charging that the robbery was from the "custody" instead of from the "person" was filed and the defendant arraigned thereon.

Testimony of the absent witness to the effect that defendant took no part in the robbery would have been of the same value on trial under either information. So if, in the preparation of the defense, the defendant had made a real effort to procure the attendance of the absent witness at the trial and had shown that he had made such effort and had shown some facts from which the conclusion could reasonably be drawn that the witness would, if present, testify to facts supporting defendant's defense, the postponement should have been granted; but the defendant gave no assurance that he would endeavor to procure the presence of the absent witness in the event postponement was granted. Even so, we would be inclined to hold the denial of the motion for postponement to be reversible error if it did not appear from the evidence, including the defendant's explanation of his being in the store at about the time the robbery was alleged to have been committed, that there could be no

reasonable doubt of defendant's guilt and that he participated with the absent witness in the commission of the offense. Because it does so affirmatively appear, we hold that error harmless.

The next question challenges the action of the court in requiring defendant to go to trial without sufficient time to prepare his defense. The motion for a postponement or continuance does not allege that defendant and his counsel had not had time to prepare his defense, but all that is said in this regard is that, "this information on which the defendant is now being tried is a material variance from the original information filed and upon which the defendant had prepared his defense." There is an entire absence of any showing that the defense prepared was not entirely applicable to the new information.

The next question challenges the sufficiency of the evidence to warrant a conviction. A study of the record discloses that there was ample legal evidence to establish each and every essential element of the offense charged.

It appears to be the contention of the plaintiff in error that because the man who was robbed suffered no bodily injury and because there were no threats in words to injure him, there was no evidence that it was the intent of the defendant to kill the man robbed in the event he resisted the robbery. There is substantial evidence in the record to show that the defendant and others held up the man robbed and at the time the defendant was armed with a knife in his hand and that his conduct and attitude toward the man robbed was such as to cause that man to believe that if he resisted robbery he would be killed with the knife in the hands of the defendant.

There can be no doubt that the persons perpetrating the robbery put the man robbed in fear and thereby and with

force took from his person the property described in the information, being twenty-four (24) rings of the value of between $1,800.00 and $2,000.00 of the property of the man robbed and that in the perpetration of the robbery the defendant was present aiding and abetting; that he was then armed with a knife which he held in his hand and by his attitude and conduct towards the man robbed evidenced the intent to kill that man with the knife if the robbery was resisted.

Therefore, the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.