WIGGINTON, Judge.
The appellant was tried for and convicted of the crimes of forging and uttering a bank check and has appealed from his judgment of conviction and sentence, based upon a jury verdict.
The principal question presented for our determination in this appeal is whether the evidence at the trial was sufficient to support the said jury verdict and judgment.
The appellant was charged by an information with the offense of forging and uttering a bank check made payable to him in the amount of $864.21.
The testimony at the trial pertinent to the present consideration was substantially as follows:
A cashier at the Florida Bank at Starke, Florida, testified that on August 8, 1968, he received for deposit from the appellant the said check, drawn on the Central National Bank of Jacksonville. The purported maker of the check was one J. H. Reeves, president or vice president of Associated Southern, Incorporated.
An assistant cashier of the Marine National Bank of Jacksonville testified that the assets of the Central National Bank of Jacksonville were liquidated and were bought by her bank on May 24, 1968; that on August 2, 1968, her bank, as successor to the Central National Bank; had no account in the name of J. H. Reeves although it had a personal account in the name of John H. Reeves.
John H. Reeves, a postal letter carrier, testified that on August 2, 1968, he had a personal account in the Marine Bank. He also examined the said check and denied that he had signed it and denied that he had authorized anyone to sign his name on it.
The appellant took the stand and denied that he had signed any of the material on the face of the check but admitted that he had endorsed his own name as the payee on the reverse side of the check.
There is no explanation in the record why appellant, a resident of Jacksonville in Duval County, traveled 42 miles in order to open a personal checking account in the Florida Bank located at Starke in Bradford County. There is nothing in the record to indicate that appellant’s appearance or demeanor while opening the account was such as to have indicated that he was completely beside himself or totally oblivious to what he was saying or doing. After executing the signature card and other necessary documents, appellant was permitted to withdraw from the account on a check signed by him the sum of $150.-00. He falsely represented to the bank’s cashier that he was a member of the family which owned a chain of retail stores operating in the area and the money represented by the check which he was depositing was owed to him by his family’s business. Appellant testified that at or about the time the check in question was deposited by him, he was suffering from blackouts which caused a complete loss of memory. He stated that although the endorsement on the check which he deposited was his signature, he does not recall having opened the checking account at the bank in Starke nor withdrawing from the account the sum of $150.00. He testified that he had no idea when or in what manner he acquired the $864.00 check and that never in his life had he heard of the maker, Associated Southern, Incorporated, on whose account the check was drawn.
A jury question was presented as to whether appellant was telling the truth when he represented that because of physical disability he had no. recollection of the transaction involving the acquisition, endorsement, and deposit of the check in question. It is clear that the purported maker of the check had no account in the bank on which it was drawn, and if the *795 jury elected to disbelieve the testimony of appellant, then there was before it for consideration competent evidence, both direct and circumstantial, from which it could reasonably have concluded that appellant forged the check in question and deposited it with the intent of defrauding the bank of the amount of money which it purported to represent. The jury apparently disbelieved the testimony given by appellant by which he professed a complete loss of memory and lack of responsibility for his actions due to a disturbed 'mental Condition. Having disregarded this evidence, there remained sufficient other evidence in the record to reasonably support the jury’s finding and conclusion. For these reasons the judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J.. and SPECTOR, J., concur.