258 So.2d 497 (1972)
Milton Bernard CONEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-1012.
District Court of Appeal of Florida, Third District.
February 29, 1972.
Pollack, Yocom & Fath and Alvin Entin, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Arnold R. Ginsberg, Miami, for appellee.
Before SWANN, C.J., and CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
Defendant, Milton Bernard Coney, appeals from his adjudication for the crime of robbery and aggravated assault.
The parties stipulated to the admissibility of the favorable results of two lie detector tests taken by defendant. The results of the tests were admitted into evidence and defendant contends there was therefore, insufficient evidence to establish his guilt and the case should be remanded for a new trial. The defendant was positively identified by four eyewitnesses as being present, or participating in the robbery. The weight to be given the results of the test and the specific identification of defendant as being present at the scene, or participating in the robbery, was for the jury. The jury weighed this evidence and found defendant guilty. This was within their province. We find there was sufficient, competent evidence to sustain the guilty verdict.
We find no error in the admission by the trial court of certain photographs of defendant into evidence. See Johnson v. State, Fla.App. 1971, 248 So.2d 208; Solloa v. State, Fla.App. 1969, 227 So.2d 217; and Avis v. State, Fla.App. 1969, 221 So.2d 235.
We have considered the argument that the trial court abused its discretion in not granting defendant a continuance for the purpose of presenting a witness. The record reflects, and it is admitted, that this case had been set for trial for a considerable period of time and that defendant had not attempted to subpoena the witness, or take any other action, in order to have the witness present for trial. It appears defendant failed to take the necessary steps to have the witness present and there was a lack of due diligence on his part. See Dupree v. State, Fla. 1936, 125 Fla. 58, 169 So. 600. We hold that there has been no clear showing of an abuse of judicial discretion *498 on this point. See Henderson v. State, Fla. 1956, 90 So.2d 447.
Finally, defendant argues reversal because of an alleged comment by the state on the defendant's failure to testify. This point arises as a result of defendant's calling his mother to testify. Her testimony involved defendant's presence on the evening of the alleged robbery. She was asked questions, during her direct testimony, concerning defendant's whereabouts prior to 8:00 P.M. on the date of the robbery. The state objected to this testimony and the following occurred:
"State: ... Mr. Coney is the best evidence as to what his conversations were.
"The Court: Sustained ...
"Defendant: I am going to move for a mistrial on obvious grounds.
"The Court: Denied."
Defendant argues this is reversible error under F.S. § 918.09, F.S.A. Defendant did take the stand and testified on his own behalf subsequent to the incidents reported above and there was no comment made in closing arguments concerning this point. We think the answer to this problem is set forth in People v. Wood, 306 Ill. 224, 137 N.E. 799, wherein it was stated:
"It is also contended that the state's attorney committed prejudicial error in calling attention to the fact that the plaintiff in error did not testify. The record in this case shows that what was said by the state's attorney occurred in a discussion between counsel before the court. It appears from the record that an argument was had pertaining to the admissibility of certain evidence, when counsel for the state said, `I don't see how any witness except the defendant Wood could testify to that.' At the time the remark was made the plaintiff in error had not finished putting in his case, and it was not apparent that he would not testify. The remark was addressed to the court in the argument between counsel, and does not come within the rule laid down in Angelo v. People, 96 Ill. 209, 36 Am.Rep. 132, and other cases cited by the plaintiff in error, declaring it to be error to refer to the fact that a defendant charged with crime did not testify.
We have examined the record in this case, and are convinced that there is no reversible error in it. The judgment will therefore be affirmed.
Judgment affirmed."
See also Gatlin v. State, 1914, 72 Tex.Cr. R. 516, 163 S.W. 428; and Deal v. State, 1925, 99 Tex.Cr.R. 385, 268 S.W. 746. Under these authorities, we hold reversible error was not committed and the judgment herein appealed is
Affirmed.