PER CURIAM.
The appellant was found guilty by a jury of breaking and entering a dwelling with intent to commit a felony therein, to wit: aggravated battery. He was also found guilty on two counts of aggravated battery. Appellant was represented by counsel of his own choosing in all of the proceedings prior to this appeal. The proof of defendant’s guilt was clear and convincing. On this appeal, he does not question the sufficiency of the evidence to support the finding of the jury but relies for reversal upon four points, each urging procedural error.
Appellant’s first point urges that the trial court committed reversible error in requiring the witnesses to stand. This court has previously dealt with this problem. See Arbogast v. State, Fla.App. 1972, 266 So.2d 161. We repeat the holding in that case which is that the practice is without support of rule or precedent in this state and will constitute error in any case where the possibility of prejudice is not eliminated. In the case now before us, it is clear that no prejudice to the appellant resulted. All of the witnesses were state’s witnesses and there is no indication that fatigue hindered the witnesses, or that appellant was in any way handicapped in conducting the defense.
The second point urges that the court unduly limited the cross-examination. Appellant refers to two situations where objections of the prosecution to defense counsel’s questions were sustained. Without holding that the rulings were correct,' we hold that this record affirmatively demonstrates that the denial of the right to ask the questions specified did not prejudice the appellant.
The third point presented urges that the court erred in overruling defense counsel’s objection to a comment by the state’s attorney made during closing argument. An examination of the disputed comment shows that while possibly irrelevant to the issue, it could not be said to have prejudiced the appellant. The comment of the state’s attorney that he was shocked by the crime itself did not carry with it the implication that he was expressing his *382 personal opinion as to the guilt of the appellant. Cf. Goddard v. State, 143 Fla. 28, 196 So. 596 (1940).
Appellant’s fourth point urges error upon the refusal of the trial court to grant a continuance for additional psychiatric examinations. The appellant was examined by two court-appointed psychiatrists. Their reports were filed in the cause and made available to appellant’s counsel some three months before the trial. Under these circumstances, it was not an abuse of discretion for the trial court to deny an oral motion for continuance for additional examinations when that motion was presented to the court at the call of the case for trial. See Dupree v. State, 125 Fla. 58, 169 So. 600 (1936); Coney v. State, Fla.App. 1972, 258 So.2d 497.
Affirmed.