PER CURIAM.
The appellant was charged by information with the crimes of (1) assault with intent to commit murder, (2) aggravated assault, (3) unlawful possession of marijuana, (4) resisting an officer with violence to his person, and (5) unlawful possession of a firearm by a convicted felon. *384 He was found guilty on counts 2, 3, 4 and 5 and guilty of the reduced charge of aggravated assault on count 1. He was sentenced to terms totalling thirty-five years in the state penitentiary. On this appeal two points are presented. . The first urges error upon the court’s denial of a motion for continuance. The second urges that the sentence constituted an infliction of cruel and unusual punishment in that it was a penalty for defendant’s exercise of his right to trial by jury.
Appellant’s motion for continuance of the trial was made at the onset of the trial. Appellant was arraigned on February 4, 1972. Jury trial was held on April 18 and 19, 1972. An adjudication of insolvency was entered and the public defender was appointed to represent the appellant at the time of his arraignment. Discovery was undertaken by the public defender. Five days prior to trial appellant discharged the public defender and procured private counsel. The ground for the motion for continuance made at the time of trial was that the private counsel had not had an opportunity to fully prepare the case. We hold that the appellant has not demonstrated error because the application for continuance did not meet the test set forth in Moore v. State, 59 Fla. 23, 52 So. 971 (1910). See also Coney v. State, Fla.App.1972, 258 So.2d 497.
Appellant’s second point urges that because the trial court had indicated that it would consider a shorter sentence when a plea bargain was attempted, that it therefore could not legally impose a harsh sentence after a jury trial. The point does not present error because it is apparent that the court was better informed of the particulars and the circumstances of the various crimes after the trial. The direction of the trial court for the prison terms to be served consecutively does not operate to make the sentence constitute cruel and unusual punishment. Brown v. State, 152 Fla. 853, 13 So.2d 458 (1943); Cole v. State, Fla.App.1972, 262 So.2d 902.
Affirmed.