280 So.2d 30 (1973)
Dan EVERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-65.
District Court of Appeal of Florida, Third District.
July 3, 1973.
Phillip A. Hubbart, Public Defender and John Lipinski, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
The appellant and two other men were charged with aggravated battery, in violation of § 784.045, and in a second count with robbery, in violation of § 813.011 Fla. Stat., F.S.A. On trial before a jury the appellant was found guilty of aggravated battery, and, on the robbery count, was found guilty of petit larceny. The sentence imposed was imprisonment in the state penitentiary for a term of three years, with credit given for 42 days' time served in jail prior to sentencing.
On this appeal therefrom appellant contends the court erred by denying his motions for mistrial made on occasions where the prosecutor in opening argument and in questioning a witness at trial made remarks claimed by appellant to be prejudicial and such as to deprive him of a fair trial. Additionally, appellant contends the court erred in denying his motion for a continuance made during the course of the trial. Upon consideration thereof in the light of the record, briefs and argument, we hold that no reversible error has been made to appear.
*31 The motions for mistrial made for certain statements of the prosecutor in opening argument were not preceded by objection and request to the court to give a "disregard instruction" to the jury. Morris v. State, 100 Fla. 850, 130 So. 582. Reference to the same subject when made in the question by the prosecutor during the trial prompted an objection and motion for a mistrial by defendant's counsel. The objection was sustained, and motion for mistrial denied. We hold that in the context of the evidence in this case the denial of the defendant's motion for mistrial did not constitute harmful error. See Williams v. State, Fla. 1959, 110 So.2d 654. In Garcia v. State, Fla.App. 1962, 142 So.2d 318, the court said: "The matter of granting or refusing to grant a motion for mistrial is largely discretionary with the trial judge. If the judge determines that the question improperly asked does no substantial harm to the rights of the accused, the motion should be denied. See Perry v. State, 146 Fla. 187, 200 So. 525, text 527."
Regarding the motion for continuance, after certain evidence had been presented on behalf of the defendant, and prior to resting, defendant's counsel advised the court that he wished to present the testimony of an additional witness whom he stated could not be contacted until after five o'clock of that day, and an oral motion was made for a continuance to the next day. It appeared from a proffer made by defendant's counsel that the testimony which such witness would give would bear on credibility of the victim. There was no showing that the witness had been subpoenaed. The closing arguments of counsel were then made, following which the trial was recessed late in the day and was resumed the next day, at which time the court's charges were given to the jury. No application was made by the defendant on that following day to reopen the case for the purpose of presenting additional evidence.
The judgment is affirmed.