SMITH, Judge.
Convicted of robbery and sentenced to a term of confinement for 99 years, Whalen’s sole contention on appeal is that the trial court erred in denying his motion for continuance which was presented on the day of the scheduled trial.
Two court-appointed psychiatrists examined Whalen two months before trial and submitted written reports — one seven weeks and the other 17 days before the scheduled trial — to the effect that Whalen was competent to assist counsel but that the examiners lacked sufficient information to ascertain his competency at the time of the alleged offense. Both reports revealed an extensive history of psychiatric disorder and treatment which Whalen related to the psychiatrists and, presumably, to his lawyer.
On Friday before the scheduled Monday trial, the trial judge routinely entered an ex parte order, as requested by defense trial counsel, for yet another psychiatric examination. By then, apparently, defense counsel had awakened to the necessity of gathering the scattered details of Whalen’s prior medical history and was in a position to submit a more substantial history of psychosis for expert evaluation. Yet counsel apparently could not, or at least did not, prevail on the newly-appointed psychiatrist to examine and evaluate Whalen over the weekend before trial. The result was that the trial judge was confronted at 11:30 on the morning of trial with a motion for continuance based on the propositions that the prior examinations were hampered by lack of sufficient information and that “we [the defense] had assumed that these doctors would obtain this information, and when we found out they didn’t, then we sent off and got them ourselves for the doctors’ benefit”. The jury venire for the case was to report for service that afternoon. The motion for continuance was denied on objection of the state attorney, who had arranged for the appearance in Ocala of several local witnesses and one from Tallahassee.
Following the guilty verdict and as part of the pre-sentence investigation, Whalen was finally examined by the third psychiatrist. His report was in many respects entirely consistent with the reports of the two earlier examinations but it also emphasized the possibility that Whalen’s excessive consumption of alcohol — which Whalen had earlier denied — produced “fugue-like personality changes [enjgrafted on top of his basically psychotic personality” and that:
“Since the patient has no recall of the robbery in question and no recall of his state of mind at that time it is difficult to form an opinion as to whether he really knew the difference between right and *633 wrong relative to the alleged act at the time of the alleged act. It seems likely that Mr. Whalen as we see him today, was not in full possession of his faculties and did not know the difference between right and wrong at that time.”
Although it is not entirely clear from the record, we may assume that the divergence in professional opinions was due at least in part to the more substantial history made available to the third psychiatrist.
The trial judge acted within proper discretionary limits in denying the motion for continuance. Whalen’s trial counsel represented him for more than three months before the scheduled trial and had ample opportunity to collect Whalen’s medical records and verse his psychiatric examiners thoroughly in Whalen’s history. Yet counsel sanguinely “assumed” that the psychiatrists would adequately inform themselves. Even when it became, evident that they had not done so, counsel did not timely move for a continuance to better prepare an insanity defense. Given the defendant’s opportunity to fully develop his defense and the delay and inconvenience which a sudden continuance would have cast on the jurors, witnesses, court and prosecutor, we decline to. fault the trial judge for failing to prophesy on ths day of trial the results of the future examination by the third psychiatrist. There was no error in the denial of a continuance. Coney v. State, 258 So.2d 497 (Fla.App.3d, 1972), cert. den. 262 So.2d 448 (Fla.1972); Girtman v. State, 270 So.2d 380 (Fla.App.3d, 1972).
AFFIRMED.
BOYER, C. J., and MILLS, J., concur.