360 So.2d 1138 (1978)
Charles PITTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. HH-470.
District Court of Appeal of Florida, First District.
July 21, 1978.
*1139 Michael J. Minerva, Public Defender and Stephen Lindsey Gorman, Asst. Public Defender, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., George R. Georgieff and Charles W. Musgrove, Asst. Attys. Gen., for appellee.
MELVIN, Judge.
Appellant-defendant appeals from the judgment and sentence imposed upon him in the Circuit Court of Gulf County, Florida, upon his conviction by a jury of the offense of having unlawfully entered or unlawfully remained in a cafe located in said county, with the intent to commit an offense therein, contrary to the provisions of Section 810.02, Florida Statutes (1975).
The defendant had indicated that he would obtain private counsel and the court, having been later advised that he was unable to do so, appointed counsel to represent him. This appointment came two weeks before the trial date. Upon the date of the trial, defense counsel advised the court that the defendant had, that day, advised counsel of the name of a witness, William Quinn; that Quinn owned the building that was allegedly broken into and that defendant had worked for Quinn on the building. Defendant urges that the testimony of witness Quinn would have been material in his defense because the thrust of the State's case against the defendant turned upon fingerprints taken from broken glass from a window at the point of entry.
The defendant had a period of at least one week to advise his counsel of his alleged employment by the witness William Quinn. If he failed to do so, he failed at his own peril. State's witness Damon Peters, Jr., testified that he owned the building containing Allen's Cafe. Peters testified that, within his memory, defendant Pittman at no time did any work on his building. Peters further testified that Quinn rented a building across the street from Allen's Cafe, not the building containing Allen's Cafe.
The defendant has failed to establish any abuse of discretion on the part of the trial judge in denying his motion for continuance. Harrelson v. State, 259 So.2d 526 (Fla. 1st DCA 1972).
The second point presented by the defendant challenges the legal sufficiency of the evidence to support the verdict and the judgment of conviction based thereon.
*1140 The evidence reveals that the point of entry into Allen's Cafe was a window located above a door, which window was seven and one-half feet above ground level, and boarded up from the inside. The record reveals that the defendant was not the worker who either originally placed the window in its position or who nailed the inside boards in their position. The owner of the business testified that he secured the building and closed the business at approximately 3:00 a.m. and returned at 5:30 a.m. to find that his building had been broken into, that glass was broken and the boards referred to had been removed. An F.B.I. fingerprint expert testified that fingerprints removed from the broken window were the fingerprints of the defendant. The defendant offered as his explanation of the presence of the fingerprints that he previously had worked on the building and that, thereby, his fingerprints could have been put on the broken glass. The State presented testimony to the effect that the defendant had never worked on the building and that the defendant's witness, whose name the defendant revealed to his trial counsel on the day of trial, had not rented the premises of Allen's Cafe. Although the defendant testified that he had worked on the building in which Allen's Cafe is located, he did not claim that he worked in the area where the door and the broken window were located. The jury had the opportunity to observe the candor and demeanor of this defendant while he was testifying and the jury chose not to believe him.
Where a defendant offers his hypothesis of innocence in a circumstantial evidence case, and there is before the jury sufficient evidence outside the testimony offered by the defendant in connection with his theory of innocence, from which the jury could reasonably conclude, beyond a reasonable doubt, that the defendant and no one else committed the crime charged, such jury finding is to be upheld. See Atkinson v. State, 247 So.2d 793 (Fla. 1st DCA 1971) and Tillman v. State, 353 So.2d 948 (Fla. 1st DCA 1978).
The defendant having failed to demonstrate reversible error, the judgment appealed from is hereby AFFIRMED.
SMITH, Acting C.J., and ERVIN, J., concur.