411 So.2d 1352 (1982)
Derrick GOREE, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-2491.
District Court of Appeal of Florida, Third District.
April 6, 1982.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
*1353 DANIEL S. PEARSON, Judge.
Late in the afternoon of the second day of trial, the defendant requested the trial court to postpone the completion of the taking of testimony until the following day. The stated reason for the request was to allow the defendant an opportunity to locate a witness whom the defendant had learned of shortly before the trial began, but the need for whom was apparently not thought to be critical enough to prevent the defendant from announcing his readiness for trial or to cause the defendant to request a continuance before the trial commenced. The trial court refused the requested postponement and gave the defendant an hour to produce and present the witness. The defendant was unable to do so.
Clearly, had the trial concluded, which it did not, on the evening of the second day of trial, the trial court's action would be well within its discretion. Even conceding, arguendo, the dubious proposition that the witness could have given substantial and significant testimony in favor of the defendant, there was not the slightest showing made by the defendant that it was probable that the witness would be located, subpoenaed, and his testimony procured within a reasonable time or that the defendant, charged with these crimes some five months earlier, had exercised any diligence, much less due diligence, in procuring this witness's presence. See Moore v. State, 59 Fla. 23, 52 So. 971 (1910); Pittman v. State, 360 So.2d 1138 (Fla. 1st DCA 1978); Whalen v. State, 335 So.2d 631 (Fla. 1st DCA 1976); Gause v. State, 270 So.2d 383 (Fla. 3d DCA 1972); Coney v. State, 258 So.2d 497 (Fla. 3d DCA 1972). And, again, if on the following morning, with final arguments about to commence, the trial court had rejected a defense request for further time to produce and present the testimony of the witness, we would be unable to find error.
Admitting these obstacles, the defendant contends that the arbitrariness of the trial court's ruling lies in the fact that the ruling precluded the defendant from any further opportunity to obtain the witness's presence and testimony on the following morning, notwithstanding that the trial was still going on. But the simple fact is that the defendant, rebuffed the evening before, did nothing to obtain the presence of the witness on the following day, made no motion to continue or reopen the case, and made no greater or other showing that the probability of locating or procuring the testimony of the witness had improved  none of which he was precluded from doing. While the defendant attempts to excuse his inaction by relying on the doctrine that a party is not required to conduct an exercise in futility in the face of a positive adverse ruling by the court, we find that doctrine inapplicable where, as here, the circumstances which obtained at the time of the court's initial ruling (an intention to complete the trial that same day) have materially changed (trial carried over to the following day). Compare Bailey v. State, 224 So.2d 296 (Fla. 1969); Brown v. State, 206 So.2d 377 (Fla. 1968); Birge v. State, 92 So.2d 819 (Fla. 1957) (in all of which court's announced ruling would be unaffected by later developments at trial).
We also find the defendant's reliance on Hicks v. Wainwright, 633 F.2d 1146 (5th Cir.1981), misplaced. In Hicks, unlike the present case, the defendant's sole expert to be offered in support of an insanity defense was under subpoena, had been available to testify the entire day of the trial, was unavailable at 4:30 p.m. when the prosecution rested, but would have been available that same evening beginning at 10:00 p.m. The trial court refused to grant any postponement to allow the witness's testimony to be heard and, moreover, refused to lend the aid of the court to compel the witness's appearance, despite clear indication from the witness's prior sworn statements that the witness's testimony would substantially and significantly support the defendant's insanity defense. Finally, in Hicks, since closing arguments were held that very evening, the defendant's failure to attempt to reopen the case the following day was, under those circumstances, deemed excusable. *1354 But see Evers v. State, 280 So.2d 30 (Fla. 3d DCA 1973) (noting that even though closing arguments had been made the day before, no motion to reopen the case for the purpose of presenting additional testimony was made the following day before the court instructed the jury).
Although we affirm the defendant's convictions, we find several obvious sentencing errors which require us to reverse and remand for resentencing. See Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981).
First, the maximum sentence which could be imposed on Count IX for the offense of attempted burglary of a dwelling is five years. Section 777.04(4)(c), Florida Statutes (1979), defining and establishing the penalties for attempts, provides that "[i]f the offense attempted ... is a felony of the second degree or any burglary, the person convicted shall be guilty of a felony of the third degree... ." A third-degree felony is punishable by a maximum of five years imprisonment. § 775.082(3)(d), Fla. Stat. (1979). The State, conceding the offense to be a third-degree felony, argues nevertheless that because the attempted burglary was one charged and proved to be one with the intent to commit an assault during which the defendant possessed a firearm, the felony must be reclassified as a felony of the second degree punishable by a term of imprisonment of fifteen years. But as Section 777.04(4)(c), Florida Statutes (1979), so plainly says, an attempt to commit a burglary of any degree [including a first-degree burglary in the course of which an assault is committed and the defendant is armed, see Section 810.02, Florida Statutes (1979)] still constitutes a third-degree felony. Williams v. State, 386 So.2d 631 (Fla. 2d DCA 1980). Accord Piantadosi v. State, 399 So.2d 382 (Fla. 3d DCA 1981); McQuay v. State, 368 So.2d 908 (Fla. 1st DCA 1979); State ex rel. Washington v. Rivkind, 350 So.2d 575 (Fla. 3d DCA 1977); Massey v. State, 348 So.2d 1244 (Fla. 1st DCA), cert. denied, 354 So.2d 983 (Fla. 1977).
Second, the trial court's retention of jurisdiction over one-third of the defendant's sentences is unsupported by the findings justifying retention required by Section 947.16(3)(a), Florida Statutes (1979). Accordingly, we vacate that portion of the sentence and remand the case to the trial court for the purpose of making the necessary findings part of the record. See Mobley v. State, 409 So.2d 1031 (Fla. 1982). The trial court is advised that it may not, as it did, retain jurisdiction for the first one-third of each of the consecutive sentences imposed, but, as stated in Section 947.16(3), Florida Statutes (1979), "... the jurisdiction of the trial court judge ... shall apply to one third of the total consecutive sentences imposed."
Affirmed in part; reversed in part and remanded, with directions to resentence the defendant in accordance with this opinion.