PER CURIAM.
This is an appeal by the defendant Rodney Boynton from a judgment of conviction and sentence for armed robbery. We affirm.
First, any error in failing to conduct an adequate inquiry on defendant’s pro se motion to discharge his court-appointed counsel prior to trial, see Hardwick v. State, 521 So.2d 1071, 1074 (Fla.) (adopting Nelson v. State, 21A So.2d 256 (Fla. 4th DCA 1973)), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988), was, in our view, mooted and rendered harmless beyond a reasonable doubt by (1) the fact that the defendant proceeded through a several-day trial with his court-appointed counsel without once complaining about or seeking to discharge counsel, (2) the vigorous and partially successful defense which this record reveals was mounted at trial by defendant’s court-appointed counsel (the trial court entered a judgment of acquittal on a companion burglary charge; the jury acquitted the defendant on a companion kidnapping charge), and, more importantly, (3) the defendant’s statement to the court at trial that his court-appointed counsel was doing a “good job” for the defendant and that “I trust you [counsel] now.” T. 239 Scull v. State, 533 So.2d 1137, 1139-41 (Fla.1988), cert, denied, 490 U.S. 1037, 109 S.Ct. 1937, 104 L.Ed.2d 408 (1989); Kott v. State, 518 So.2d 957, 958-59 (Fla. 1st DCA 1988). This result is not changed by the defendant’s pro se ploy at the close of the state’s ease to obtain a continuance and have three witnesses testify whom he had not previously revealed to his own counsel, much less the state; there is no showing whatever as to what these “surprise” witnesses would have testified to or what possible relevance they had to this case. Plainly, the defendant was satisfied with the vigorous performance of his court-appointed counsel, had waived whatever pretrial objections he had to counsel’s representation, and was simply engaged in frivolous pro se representation of himself.
Second, a Richardson inquiry was not required, as urged, when the defendant announced a pro se desire to have three witnesses testify who had not been disclosed to the state or to defense counsel. This is so because the defendant, through counsel, made no indication that he intended to call these witnesses at trial; to the contrary, it is clear that counsel had no intention of calling such witnesses as he had no idea what they would testify to and was simply passing along the defendant’s pro se request. The trial court is not required to conduct a Richardson inquiry concerning the pretrial nondisclosure of “defense witnesses” whom defense counsel, as here, has no intention of calling at trial; the fact that the defendant disagrees *694 with his counsel s trial strategy on this point and wants these witnesses called at trial cannot, as urged, trigger a Richardson inquiry. Consequently, the trial court did not err in sustaining the state’s objection to the defendant’s pro se request to have these witnesses testify at trial. Brazell v. State, 570 So.2d 919, 921 (Fla.1990). Nor is there any error in the court’s declining to grant the defendant’s pro se request for a continuance. See Goree v. State, 411 So.2d 1352, 1353 (Fla. 3d DCA 1982); Pittman v. State, 360 So.2d 1138, 1139 (Fla. 1st DCA 1978); Coney v. State, 258 So.2d 497, 497 (Fla. 3d DCA), cert. denied, 262 So.2d 448 (Fla.1972).
Affirmed.