PER CURIAM.
Ricardo Ferreira appeals an order approving the report and recommendation of the general master which denied a motion for visitation. After review of the record herein, we conclude that, although the matter was vigorously contested, there was substantial competent evidence supporting the findings and recommendations of the general master.
Without attempting to review all of the facts, the father places emphasis on the polygraph results which were admitted into evidence by stipulation. That stipulation was only that the results could be placed in evidence, and was not a stipulation that the results were to be dispositive. The trier of fact “can give exculpatory polygraph test evidence admitted upon stipulation whatever weight it chooses ...,” Farmer v. City of Fort Lauderdale, 427 So.2d 187, 190 (Fla.), cert. denied, 464 U.S. 816, 104 S.Ct. 74, 78 L.Ed.2d 86 (1983), and may reach a factual determination contrary to the polygraph results where there is other substantial competent evidence to support the court’s finding. Id. (jury “can convict on the basis of other incriminatory evi-dence_”) (citation omitted); Coney v. State, 258 So.2d 497 (Fla. 3d DCA) (“The weight to be given the results of the test ... was for the jury.”), cert. denied, 262 So.2d 448 (Fla.1972). Here, there was other substantial competent evidence supporting the findings the master made.
The father strongly attacks the reliability of the testimony offered by the mother’s experts. The evaluation of the testimony of the various experts was a matter properly presented to, and resolved by, the general master.
The father alternatively contends that the master should have ordered supervised visitation immediately, instead of deferring visitation pending psychological treatment and further recommendations to the court by the treating and court-appointed psychologists. The master’s recommendation follows the evaluation and recommendation of the court-appointed psychologist, the reasons for which the psychologist gave both in her report and trial testimony. There is a substantial basis in the record for the master’s recommendation on this point.

Affirmed.

*

This affirmance is without prejudice to the father to move for a change of the psychological program which the master ordered him to attend. We express no view on the merits of any such motion.